UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

CGG 17-020170
LOGS Legal Group LLP
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856) 793-3080
Elizabeth L. Wassall, Esq. 023211995
ATTORNEYS FOR WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF STANWICH
MORTGAGE LOAN TRUST I

| | |
|---|---|
| In Re: | Case No.: 19-30777-ABA |
| ROBERT B. SMITH AKA ROBERT BRUCE, <br> DEBTOR | Judge: HONORABLE ANDREW B. ALTENBURG, JR. |
| | Chapter: 13 |

### NOTICE OF MOTION TO VACATE THE AUTOMATIC STAY

TO:     Stephanie Ritigstein, Attorney for Debtor
        Jenkins & Clayman
        412 White Horse Pike
        Audubon, NJ 08106

        Isabel C. Balboa, Trustee
        Chapter 13 Standing Trustee
        Cherry Tree Corporate Center
        535 Route 38 - Suite 580
        Cherry Hill, NJ 08002

        Robert B. Smith aka Robert Bruce, Debtor
        1675 Hollywood Avenue
        Blackwood, NJ 08012

WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN
TRUST I has filed papers with the court requesting relief from the Automatic Stay.

Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if
you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant relief from the Automatic Stay to WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST I with regard to your property
located at Lot 2 Block 4703, Commonly known as 1675 Hollywood Avenue, Blackwood (Gloucester
Township), New Jersey 08012 or if you want the court to consider your views on the motion, then on or before
October 12, 2021, you or your attorney must:

File a written response in opposition to this motion explaining your position and send to:

Clerk of the United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street
Camden, NJ 08101

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:

LOGS Legal Group LLP
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054

Isabel C. Balboa, Trustee
Chapter 13 Standing Trustee
Cherry Tree Corporate Center
535 Route 38 - Suite 580
Cherry Hill, NJ 08002

Additionally, you must attend the hearing scheduled for October 19, 2021, at 10:00 AM
in Courtroom 4B,

United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street
Camden, NJ 08101

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date:  9-20-2021                          Signature    /s/Elizabeth L. Wassall
                                                        Kathleen M. Magoon - 040682010
                                                        Elizabeth L. Wassall - 023211995
                                                        LOGS Legal Group LLP
                                                        14000 Commerce Parkway, Suite B
                                                        Mount Laurel, NJ 08054
                                                        (856) 793-3080
                                                        logsecf@logs.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

CGG 17-020170
LOGS Legal Group LLP
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856) 793-3080
Elizabeth L. Wassall, Esq. 023211995
ATTORNEYS FOR WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF STANWICH
MORTGAGE LOAN TRUST I

| | |
|---|---|
| In Re: | Case No.: 19-30777-ABA |
| ROBERT B. SMITH AKA ROBERT BRUCE,<br>                              DEBTOR | Judge: HONORABLE ANDREW B.<br>ALTENBURG, JR. |
| | Chapter: 13 |

## ORDER VACATING STAY

The relief set forth on the following pages, numbered two (2) through two (2) is hereby ORDERED.

Upon the motion of LOGS LEGAL GROUP LLP, Attorneys for WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST I under Bankruptcy Code section 362(d) for relief from the Automatic Stay as to certain real property as hereinafter set forth, and for cause shown,

1.    It is ORDERED that the Automatic Stay of Bankruptcy Code section 362(a) is vacated to permit the movant to institute or resume and prosecute to conclusion one or more action(s) in the court (s) of appropriate jurisdiction to foreclose mortgage(s) held by the movant or alternatively to allow movant to pursue alternatives to foreclosure upon the following:

_____    Land and premises commonly known as **Lot 2 Block 4703**
**Commonly known as 1675 Hollywood Avenue, Blackwood (Gloucester Township), New Jersey 08012.**

2.    It is ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursing other loss mitigation alternative, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property as sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

3.    The movant may join the Debtor and any trustee appointed in this case as defendants in its foreclosure action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

The movant shall serve this order on the Debtor, any trustee and other party who entered an appearance on the motion.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

CGG 17-020170
LOGS Legal Group LLP
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856) 793-3080
Elizabeth L. Wassall, Esq. 023211995
ATTORNEYS FOR WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF STANWICH
MORTGAGE LOAN TRUST I

| | |
|---|---|
| In Re: | Case No.: 19-30777-ABA |
| ROBERT B. SMITH AKA ROBERT BRUCE,<br>                              DEBTOR | Judge: HONORABLE ANDREW B. ALTENBURG, JR. |
| | Chapter: 13 |

## CERTIFICATION OF SERVICE

I, ___Netia Myles_____ the undersigned

1.  ☐ represent the _____ in the above-captioned matter.

    ☒ am the secretary/paralegal for Kathleen M. Magoon, Esquire and Elizabeth L. Wassall, Esquire, who represents the Secured Creditor in the above-captioned matter.

    ☐ am the _____ in the above case and am representing myself.

2.  On____September 20, 2021_____, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:

    - Notice of Motion to Vacate the Automatic Stay
    - Proposed Order Vacating Stay
    - Statement of No Brief
    - Certification in Support
    - Supporting Loan Documents  (Exhibits A - C)
    - Post-Petition Pay History Certification  (Exhibit D)
    - Certification of Service

3.  I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Signature

Dated:  __09/20/2021_____          ____/s/Netia Myles_____
                                                                              Printed Name

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Stephanie Ritigstein<br>Jenkins & Clayman<br>412 White Horse Pike<br>Audubon, NJ 08106 | | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |
| Isabel C. Balboa<br>Chapter 13 Standing Trustee<br>Cherry Tree Corporate Center<br>535 Route 38 - Suite 580<br>Cherry Hill, NJ 08002 | | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |
| Robert B Smith a/k/a Robert Bruce<br>1675 Hollywood Avenue<br>Blackwood, NJ 08012 | | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |
| | | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

CGG 17-020170
LOGS Legal Group LLP
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856) 793-3080
Elizabeth L. Wassall, Esq. 023211995
ATTORNEYS FOR WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF STANWICH
MORTGAGE LOAN TRUST I

| In Re: | Case No.: 19-30777-ABA |
| ROBERT B. SMITH AKA ROBERT BRUCE,<br>                                    DEBTOR | Judge: HONORABLE ANDREW B. ALTENBURG, JR. |
|  | Chapter: 13 |

## STATEMENT AS TO WHY NO BRIEF IS NECESSARY

In accordance with D.N.J. LBR 9013-1(a)(3), it is respectfully submitted that no brief is necessary in the court's consideration of this motion, as it does not involve complex issues of law.


Date:  9-20-2021                    Signature:    /s/Elizabeth L. Wassall
                                                  Kathleen M. Magoon - 040682010
                                                  Elizabeth L. Wassall - 023211995
                                                  LOGS Legal Group LLP
                                                  14000 Commerce Parkway
                                                  Suite B
                                                  Mount Laurel, NJ 08054
                                                  (856) 793-3080
                                                  logsecf@logs.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

CGG 17-020170
LOGS Legal Group LLP
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856) 793-3080
Elizabeth L. Wassall, Esq. 023211995
ATTORNEYS FOR WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF STANWICH
MORTGAGE LOAN TRUST I

| In Re: | Case No.: 19-30777-ABA |
| ROBERT B. SMITH AKA ROBERT BRUCE, | Judge: HONORABLE ANDREW B. |
| DEBTOR | ALTENBURG, JR. |
| | Chapter: 13 |

## CERTIFICATION IN SUPPORT OF MOTION BY WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST I FOR RELIEF FROM AUTOMATIC STAY

I, Megan Boehr                    , declare under penalty of perjury as follows:

1.      I am authorized to sign this certification as a(n) Servicing Agent                of Carrington

Mortgage Services, LLC, servicing agent for WILMINGTON SAVINGS FUND SOCIETY, FSB, AS

TRUSTEE OF STANWICH MORTGAGE LOAN TRUST I.  This certification is provided in support of the

Motion for Relief from Stay (the "Motion") filed contemporaneously herewith.

2.      As part of my job responsibilities, I have personal knowledge of and am familiar with the types

of records maintained by Carrington Mortgage Services, LLC in connection with the WILMINGTON

SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST I account

that is the subject of the Motion (the "Account") and the procedures for creating those types of records.  I have

access to and have reviewed the books, records and files of Carrington Mortgage Services, LLC that pertain to

the Account and extensions of the Debtor(s) concerning the property securing such Account.

3.      The information in this certification is taken from Carrington Mortgage Services, LLC's business

records regarding the Account.  The records are: (a) made at or near the time of the occurrence of the matters

recorded by persons with personal knowledge of the information in the business record, or from information

transmitted by persons with personal knowledge; and (b) kept in the course of Carrington Mortgage Services,

LLC's regularly conducted business activities.  It is the regular practice of Carrington Mortgage Services, LLC

to create and maintain such records.

4.      The Debtor, Robert B. Smith, has executed and delivered or is otherwise obligated with respect

to that certain Note referenced in the Motion (the "Note").  Pursuant to that certain Mortgage referenced in the

Motion (the "Mortgage"), all obligations of the Debtor under and with respect to the Note and the Mortgage are

secured by the property referenced in the Motion.

5.      As of September 9, 2021, there are one or more defaults in paying post-petition amounts due

with respect to the Debt Agreement.

6.      As of September 9, 2021, the unpaid principal balance of the Debt Agreement is $59,699.72.

7.      The following chart sets forth those post-petition payments, due pursuant to the terms of the Debt

Agreement, that have been missed by the Debtor as of September 9, 2021:

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 4 | 07/01/2020 | 10/01/2020 | 293.29 | 546.20 | 839.49 | 3,357.96 |
| 10 | 11/01/2020 | 08/01/2021 | 293.29 | 858.66 | 1,151.95 | 11,519.50 |
| 1 | 09/01/2021 | 09/01/2021 | 293.29 | 826.18 | 1,119.47 | 1,119.47 |
| Less post-petition partial payments (suspense balance): | | | | | | ($)661.16 |

Total:   **$15,335.77**

8.      As of September 9, 2021, the total post-petition arrearage/delinquency and amount necessary to cure the post-petition default alleged in the Motion is $15,335.77, consisting of (i) the foregoing total of missed post-petition payments in the amount of $15,335.77, plus (ii) the following post-petition fees and advances for taxes and insurance.

| Description | Amount |
|---|---|
| N/A | N/A |

9.      The following documents are attached as exhibits and incorporated herein by reference:

a.   Attached hereto as Exhibit <u>A</u> is a true and correct copy of the Note

b.   Attached hereto as Exhibit <u>B</u> is a true and correct copy of the Mortgage

c.   Attached hereto as Exhibit <u>C</u> is a true and correct copy of any Assignment(s)

d.   Attached hereto as Exhibit <u>D</u> is the Certification of Creditor's Post-Petition Payment History.


Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on __September 9__ , __2021__ .

/s/   *Megan Boehr*
                        Signature
                Megan Boehr, Servicing Agent

"Exhibit A"

**Multistate**

# NOTE

FHA Case No.

October 17, 2005
[Date]

1675 HOLLYWOOD AVENUE,BLACKWOOD,NJ 08012
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means NEW FREEDOM MORTGAGE CORPORATION, A CORPORATION

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of
Eighty Two Thousand One Hundred Fourteen and no/100

Dollars (U.S. $ 82,114.00                ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of Six
percent (      6.0000      %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on December 1  ,  2005    . Any principal and interest remaining on the first day of      November      ,
2030    , will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at 2363 SOUTH FOOTHILL DRIVE, SALT LAKE CITY, UT 84109
or at such place as Lender may designate in writing
by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $ 529.06           . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐Graduated Payment Allonge ☐Growing Equity Allonge ☐Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

SMITH,

**FHA Multistate Fixed Rate Note - 10/95**
VMP® -1R (0210).02
VMP Mortgage Solutions (800)521-7291
Page 1 of 2     MW 10/02.01               Initials: RBS

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

, If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Four                           percent (        4.0000        %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note. /S

_Robert Bruce Smith_ _____ (Seal)        _____ (Seal)
ROBERT BRUCE SMITH                -Borrower                                          -Borrower

_____ (Seal)        _____ (Seal)
                                  -Borrower                                          -Borrower

_____ (Seal)        _____ (Seal)
                                  -Borrower                                          -Borrower

_____ (Seal)        _____ (Seal)
                                  -Borrower                                          -Borrower

SMITH,

VMP -1R (0210).02                                  Page 2 of 2

NOTE ENDORSEMENT:

PAY TO THE ORDER OF    WELLS FARGO BANK, N.A.

WITHOUT RECOURSE
NEW FREEDOM MORTGAGE CORPORATION

BRAD DELEEUW, COLLATERAL ASSISTANT

WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK, N.A.

By

William G. Arends
Assistant Vice President

Return To:

2363 SOUTH FOOTHILL DRIVE
SALT LAKE CITY, UT 84109

CAMDEN COUNTY, NJ
JAMES BEACH, COUNTY CLERK
MTG-OR BOOK 08013 PG 1639
RECORDED 11/22/2005 12:00:27
FILE NUMBER 2005135383
RCPT #: 303818; RECD BY: suem
RECORDING FEES 110.00
MARGINAL NOTATION 0.00

Prepared By:
Danette Whitlock

After recording return to:
NEW FREEDOM MORTGAGE CORPORATION
ATTN: FINAL DOCS
2363 SOUTH FOOTHILL DRIVE
SALT LAKE CITY, UT 84109

[Space Above This Line For Recording Data]

State of New Jersey

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on          October 17, 2005
The Mortgagor is ROBERT BRUCE SMITH, ~~A MARRIED MAN~~

RBS

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is organized and existing under the laws of Delaware, and has a mailing address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
NEW FREEDOM MORTGAGE CORPORATION, A CORPORATION

("Lender") is organized and existing under the laws of          THE STATE OF UTAH          , and has an principal office and mailing address of 2363 SOUTH FOOTHILL DRIVE, SALT LAKE CITY, UT 84109                . Borrower owes Lender the principal sum of
Eighty Two Thousand One Hundred Fourteen and no/100
Dollars (U.S. $82,114.00          ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on          November 1, 2030                . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums,

FHA New Jersey Mortgage with MERS - 4/96
VMP®-4N(NJ) (0305)          Amended 2/01
Page 1 of 8     MW 02/01          Initials: PBS
VMP Mortgage Solutions (800)521-7291

Book8013/Page1639

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND
IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN GLOUCESTER TOWNSHIP,
IN THE COUNTY OF CAMDEN, STATE OF NJ: BEGINNING AT A POINT IN THE SOUTHEASTERLY
LINE OF HOLLYWOOD AVENUE, SAID POINT BEING 100 FEET NORTHEASTWARDLY FROM THE
NORTHEASTELY CORNER TO HOLLYWOOD AVENUE AND ATHENS AVENUE; THENCE 1.
NORTHEASTWARDLY ALONG THE SOUTHEASTERLY LINE OF HOLLYWOOD AVENUE 50 FEET TO A
POINT SAID POINT BEING ON THE DIVIDING LINE OF LOTS 12 AND 13, SAID PLAN;
THENCE 2. SOUTHEASTWARDLY AT RIGHT ANGLES TO HOLLYWOOD AVENUE ALONG SAID
DIVIDING LINE 100 FEET TO A POINT COMMON TO LOTS 6, 7, AND 13, SAID PLAN;
THENCE 3. SOUTHWESTWARDLY PARALLEL WITH THE FIRST COURSE 50 FEET TO A POINT
COMMON TO LOTS 4, 5, 14, AND 15, SAID PLAN; THENCE 4. NORTHWESTWARDLY ALONG THE
DIVISION LINE BETWEEN LOTS 14 AND 15, SAID PLAN AND AT RIGHT ANGLES TO
HOLLYWOOD AVENUE 100 FEET TO THE POINT AND PLACE OF BEGINNING.

Book8013/Page1640

with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. This Security Instrument and the Note secured hereby are subject to modification (including changes in the interest rate, the due date, and other terms and conditions), as defined in New Jersey Laws 1985, ch. 353, Section 1 et seq., and upon such modification, shall have the benefit of the lien priority provisions of that law. The maximum principal amount secured by this Security Instrument is $ 82,114.00                  . For these purposes, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in

CAMDEN          County, New Jersey:

*** SEE ATTACHED LEGAL DESCRIPTION ***

Parcel ID Number:      LOT 2, BLOCK 4703
which has the address of 1675 HOLLYWOOD AVENUE                                            [Street]
BLACKWOOD                                [City], New Jersey      08012      [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

 -4N(NJ) (0305)                              Page 2 of 8                              Initials: RBS

Book8013/Page1641

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

<u>First</u>, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

<u>Second</u>, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

<u>Third</u>, to interest due under the Note;

<u>Fourth</u>, to amortization of the principal of the Note; and

<u>Fifth</u>, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or

 -4N(NJ) (0306)                    Page 3 of 8                    Initials: *PBS*

Book8013/Page1642

abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

   **(a) Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

      (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

      (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

   **(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

 -4N(NJ) (0305)                    Page 4 of 8                    Initials: _PBS_

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.


Book8013/Page1644

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

Initials: *RBS*

 -4N(NJ) (0305)                Page 6 of 8

Book8013/Page1645

**18. Foreclosure Procedure. If Lender requires** immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider          ☐ Growing Equity Rider          ☐ Other [specify]
☐ Planned Unit Development Rider   ☐ Graduated Payment Rider

-4N(NJ) (0305)                    Page 7 of 8                    Initials: *RBS*

Book8013/Page1646

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____   X *Robert Bruce Smith* (Seal)
                                    ROBERT BRUCE SMITH            -Borrower

_____   _____ (Seal)
                                    ~~BERNICE COVEY~~             -Borrower
                                        *RBS*

_____ (Seal)    _____ (Seal)
                  -Borrower                            -Borrower

_____ (Seal)    _____ (Seal)
                  -Borrower                            -Borrower

_____ (Seal)    _____ (Seal)
                  -Borrower                            -Borrower

STATE OF NEW JERSEY,            *Camden*                County ss:
   On this   17th   day of   Oct   , 2005   , before me, the subscriber, personally appeared
ROBERT BRUCE SMITH and ~~BERNICE COVEY~~ *RBS*

                                                               who, I am satisfied,
is/are the person(s) named in and who executed the within instrument, and thereupon acknowledged that he/she/they signed, sealed and delivered the same as his/her/their act and deed, for the purposes therein expressed.

                              Notary Public _____

                              LYDIA OZDZINSKI
                              NOTARY PUBLIC OF NEW JERSEY
                              Commission Expires 2/25/2008

VMP-4N(NJ) (0305)                          Page 8 of 8

Book8013/Page1647



"Exhibit C"

# Camden County
## Document Summary Sheet

CAMDEN COUNTY CLERK

.

520 MARKET ST

CAMDEN NJ 08102

CAMDEN COUNTY, NJ

ASSN MTG-OR BOOK 10092 PG 1824
RECORDED 10/24/2014 10:18:51
FILE NUMBER 2014075000
RCPT # 1493985; RECD BY: eRecord
RECORDING FEES 40.00
MARGINAL NOTATION FEE 10.00

**Official Use Only**

| Transaction Identification Number | | 2289117 | 1526492 |
|---|---|---|---|

| | | |
|---|---|---|
| **Submission Date**(mm/dd/yyyy) | 10/10/2014 | **Return Address** (for recorded documents) |
| **No. of Pages** (excluding Summary Sheet) | 1 | WELLS FARGO BANK, N.A. |
| **Recording Fee** (excluding transfer tax) | $40.00 | 1000 BLUE GENTIAN RD |
| **Realty Transfer Tax** | $0.00 | MAC: X9998-018 |
| **Total Amount** | $40.00 | EAGAN, MN 55121 |

| **Document Type** | ASSIGNMENT OF MORTGAGE |
|---|---|

**Municipal Codes**

| GLOUCESTER TWP | 15 |
|---|---|

**Batch Type**

L2 - LEVEL 2 (WITH IMAGES)

**Bar Code(s)**

.

**Additional Information (Official Use Only)**

.

*DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CAMDEN COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

**Camden County**
**Document Summary Sheet**

| ASSIGNMENT OF MORTGAGE | Type | ASSIGNMENT OF MORTGAGE | | | | |
|---|---|---|---|---|---|---|
| | Consideration | | | | | |
| | Submitted By | WELLS FARGO BANK, N.A. (CSC/INGEO SYSTEMS INC) | | | | |
| | Document Date | 10/10/2014 | | | | |
| | Reference Info | | | | | |
| | **Book ID** | **Book** | **Beginning Page** | **Instrument No.** | **Recorded/File Date** | |
| | OR | 8013 | 1639 | 2005135383 | | |
| | ASSIGNOR | **Name** | | | **Address** | |
| | | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC NEW FREEDOM MTG CORP | | | | |
| | ASSIGNEE AND MORTGAG | **Name** | | | **Address** | |
| | | WELLS FARGO BANK NA | | | | |
| | Parcel Info | | | | | |
| | **Property Type** | **Tax Dist.** | **Block** | **Lot** | **Qualifier** | **Municipality** |
| | | | | | | |

*** DO NOT REMOVE THIS PAGE.**
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CAMDEN COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

CFN 2014075000 BK 10092 PG 1825

RECORDING REQUESTED BY:
**WELLS FARGO BANK, N.A.**
**1000 BLUE GENTIAN RD**
**MAC: X9998-018**
**EAGAN, MN 55121**

AND WHEN RECORDED MAIL TO:
**WELLS FARGO BANK, N.A.**
**ASSIGNMENT TEAM**
**MAC: X9998-018**
**PO BOX 1629**
**MINNEAPOLIS, MN 55440-9049**

Parcel Identifier No:

**ASSIGNMENT OF MORTGAGE**

For Value Received, the undersigned holder of a Mortgage **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR NEW FREEDOM MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS** (herein "Assignor") whose address is **P.O. BOX 2026 FLINT, MI 48501** , does hereby grant, sell, assign, transfer, and convey, unto **WELLS FARGO BANK, NA** (herein "Assignee") , whose address is **1 HOME CAMPUS , DES MOINES, IA 50328** , a certain Mortgage dated **10/17/2005** , made and executed by **ROBERT BRUCE SMITH** to and in favor of **NEW FREEDOM MORTGAGE CORPORATION** , upon the following described property. Such Mortgage having been given to secure payment of **$82114.00** which Mortgage was recorded **11/22/2005** in Book **08013** , at Page **1639** , as Document No. **2005135383** , of the Records of **Camden** County, State of **NJ** , together with the obligations therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

Municipality: **GLOUCESTER**
    Legal Description:
    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on **10/10/2014** .
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR NEW FREEDOM MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS**

BHAVDIP CHHOTALAL CHAUHAN, Assistant Secretary

STATE OF MN
COUNTY OF Dakota } s.s.

On **10/10/2014** , before me **JOHN KEALY** , Notary Public, personally appeared **BHAVDIP CHHOTALAL CHAUHAN** , **Assistant Secretary** personally known to me (or proved to me on the basis of satisfactory evidence), to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.
    Witness my hand and official seal.

JOHN KEALY
Commission #: **20075043**
My Commission Expires: **01/31/2017**

JOHN KEALY
NOTARY PUBLIC-MINNESOTA
My Commission Expires
January 31, 2017

CFN 2014075000 BK 10092 PG 1826

# Camden County
## Document Summary Sheet

CAMDEN COUNTY CLERK

520 MARKET ST

CAMDEN NJ 08102

CAMDEN COUNTY, NJ
CAMDEN COUNTY CLERK'S OFFICE
ASSN MTG-OR BOOK 11732 PG 224
RECORDED 05/24/2021 12:22:37
FILE NUMBER 2021047578
RCPT # 2391666; RECD BY: eRecord
RECORDING FEES 40.00
MARGINAL NOTATION FEE 10.00

**Official Use Only**

| Transaction Identification Number | | 5221323        5163353 |
|---|---|---|
| Submission Date *(mm/dd/yyyy)* | 04/30/2021 | **Return Address** *(for recorded documents)* |
| No. of Pages *(excluding Summary Sheet)* | 1 | WELLS FARGO BANK, N.A. |
| Recording Fee *(excluding transfer tax)* | $40.00 | 2701 WELLS FARGO WAY |
| | | N9408-05C |
| Realty Transfer Tax | $0.00 | MINNEAPOLIS, MN 55440 |
| Total Amount | $40.00 | |

| Document Type | ASSIGNMENT OF MORTGAGE |
|---|---|

**Municipal Codes**

| CAMDEN COUNTY | 99 |
|---|---|

| Batch Type | L2 - LEVEL 2 (WITH IMAGES) |
|---|---|

**Additional Information (Official Use Only)**

***\* DO NOT REMOVE THIS PAGE.***
***COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CAMDEN COUNTY FILING RECORD.***
***RETAIN THIS PAGE FOR FUTURE REFERENCE.***

eRecorded

Page 1 of 2



# Camden County
# Document Summary Sheet

| Type | ASSIGNMENT OF MORTGAGE |
|---|---|
| Consideration | |
| Submitted By | WELLS FARGO BANK, N.A. (CSC/INGEO SYSTEMS INC) |
| Document Date | 04/30/2021 |
| Reference Info | |

**ASSIGNMENT OF MORTGAGE**

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|
| OR | 8013 | 1639 | 2005135383 | |

| ASSIGNOR | Name | Address |
|---|---|---|
| | WELLS FARGO BANK NA | |
| | ROBERT B SMITH | |

| ASSIGNEE AND MORTGAG | Name | Address |
|---|---|---|
| | WILMINGTON SAVINGS FUND SOCIETY FSB AS | |
| | STANWICH MORTGAGE LOAN TRUST I | |

**Parcel Info**

| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
|---|---|---|---|---|---|
| | 99 | | | | 99 |

* DO NOT REMOVE THIS PAGE.
COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CAMDEN COUNTY FILING RECORD.
RETAIN THIS PAGE FOR FUTURE REFERENCE.

eRecorded

CFN 2021047578 BK 11732 PG 225

***Send All Notices to Assignee***

RECORDING REQUESTED BY:
**WELLS FARGO BANK, N.A.**
**2701 WELLS FARGO WAY**
**N9408-05C**
**MINNEAPOLIS, MN 55440-1629**

WHEN RECORDED MAIL TO:
**WELLS FARGO BANK, N.A.**
**MAC: N9408-05C**
**PO BOX 1629**
**MINNEAPOLIS, MN 55440-1269**
**ATTN: ASSIGNMENT TEAM**

---

### ASSIGNMENT OF MORTGAGE

For good and valuable consideration, the sufficiency of which is hereby acknowledged, **WELLS FARGO BANK, N.A.** , **1 HOME CAMPUS , DES MOINES, IA 50328** , by these presents does convey, assign, transfer and set over to **WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST I , 1600 SOUTH DOUGLASS ROAD SUITE 200-B, ANAHEIM, CA 92806** , the following described Mortgage, with all interest, all liens, and any rights due or to become due thereon. Said Mortgage for **$82114.00** , is recorded in the State of **NEW JERSEY** , County of **Camden** Official Records, dated **10/17/2005** and recorded on **11/22/2005** , as Instrument No. **2005135383** in Book No. **08013** , at Page No. **1639**

Original Mortgagor: **ROBERT BRUCE SMITH**
Original Mortgagee: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR NEW FREEDOM MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS**
Property Address: **1675 HOLLYWOOD AVENUE BLACKWOOD, NJ 08012**
Date: **04/30/2021**

**WELLS FARGO BANK, N.A.**
By:

MAI VANG, Vice President Loan Documentation

STATE OF MN
COUNTY OF Hennepin } s.s.

On **04/30/2021** before me, **DEREJE D. BADADA** , a Notary Public, personally appeared **MAI VANG , Vice President Loan Documentation** of **WELLS FARGO BANK, N.A.** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

DEREJE D. BADADA, Notary Public
Commission #: 31049021
My Commission Expires: 01/31/2022

DEREJE D BADADA
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2022

fddf2ddb

eRecorded

CAMDEN COUNTY, NJ
CAMDEN COUNTY CLERK'S OFFICE
ASSN MTG-OR BOOK 11732 PG 224
RECORDED 05/24/2021 12:22:37
FILE NUMBER 2021047578
RCPT # 2391666; RECD BY: eRecord
RECORDING FEES 40.00
MARGINAL NOTATION FEE 10.00



## Camden County
## Document Summary Sheet

CAMDEN COUNTY CLERK

520 MARKET ST

CAMDEN NJ 08102

**Official Use Only**

| Transaction Identification Number | | 5221323 | 5163353 |
|---|---|---|---|
| Submission Date *(mm/dd/yyyy)* | 04/30/2021 | **Return Address** *(for recorded documents)* | |
| No. of Pages *(excluding Summary Sheet)* | 1 | WELLS FARGO BANK, N.A. | |
| Recording Fee *(excluding transfer tax)* | $40.00 | 2701 WELLS FARGO WAY | |
| | | N9408-05C | |
| Realty Transfer Tax | $0.00 | MINNEAPOLIS, MN 55440 | |
| Total Amount | $40.00 | | |

| Document Type | ASSIGNMENT OF MORTGAGE |
|---|---|

**Municipal Codes**
CAMDEN COUNTY                    99

Batch Type    L2 - LEVEL 2 (WITH IMAGES)

**Additional Information (Official Use Only)**

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CAMDEN COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

eRecorded

**CAMDEN COUNTY**
**Document Summary Sheet**

| | | |
|---|---|---|
| **Type** | ASSIGNMENT OF MORTGAGE | |
| **Consideration** | | |
| **Submitted By** | WELLS FARGO BANK, N.A. (CSC/INGEO SYSTEMS INC) | |
| **Document Date** | 04/30/2021 | |
| **Reference Info** | | |

**ASSIGNMENT OF MORTGAGE**

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|
| OR | 8013 | 1639 | 2005135383 | |

| ASSIGNOR | Name | Address |
|---|---|---|
| | WELLS FARGO BANK NA | |
| | ROBERT B SMITH | |

| ASSIGNEE AND MORTGAG | Name | Address |
|---|---|---|
| | WILMINGTON SAVINGS FUND SOCIETY FSB AS | |
| | STANWICH MORTGAGE LOAN TRUST I | |

**Parcel Info**

| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
|---|---|---|---|---|---|
| | 99 | | | | 99 |

**\* DO NOT REMOVE THIS PAGE.**
**COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CAMDEN COUNTY FILING RECORD.**
**RETAIN THIS PAGE FOR FUTURE REFERENCE.**

eRecorded

CFN 2021047578 BK 11732 PG 225

***Send All Notices to Assignee***
RECORDING REQUESTED BY:
**WELLS FARGO BANK, N.A.**
**2701 WELLS FARGO WAY**
**N9408-05C**
**MINNEAPOLIS, MN 55440-1629**
WHEN RECORDED MAIL TO:
**WELLS FARGO BANK, N.A.**
**MAC: N9408-05C**
**PO BOX 1629**
**MINNEAPOLIS, MN 55440-1269**
**ATTN: ASSIGNMENT TEAM**

---

### ASSIGNMENT OF MORTGAGE

For good and valuable consideration, the sufficiency of which is hereby acknowledged, **WELLS FARGO BANK, N.A. , 1 HOME CAMPUS , DES MOINES, IA 50328** , by these presents does convey, assign, transfer and set over to **WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST I , 1600 SOUTH DOUGLASS ROAD SUITE 200-B, ANAHEIM, CA 92806** , the following described Mortgage, with all interest, all liens, and any rights due or to become due thereon. Said Mortgage for **$82114.00** , is recorded in the State of **NEW JERSEY** , County of **Camden** Official Records, dated **10/17/2005** and recorded on **11/22/2005** , as Instrument No. **2005135383** in Book No. **08013** , at Page No. **1639**
Original Mortgagor: **ROBERT BRUCE SMITH**
Original Mortgagee: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR NEW FREEDOM MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS**
Property Address: **1675 HOLLYWOOD AVENUE BLACKWOOD, NJ 08012**
 Date: **04/30/2021**

**WELLS FARGO BANK, N.A.**
By:

MAI VANG, Vice President Loan Documentation
STATE OF MN
COUNTY OF Hennepin } S.S.

On **04/30/2021** before me, **DEREJE D. BADADA** , a Notary Public, personally appeared **MAI VANG , Vice President Loan Documentation** of **WELLS FARGO BANK, N.A.** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

DEREJE D. BADADA, Notary Public
Commission #: 31049021
My Commission Expires: **01/31/2022**

**DEREJE D BADADA**
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2022

fddf2ddb

**eRecorded**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

CGG 17-020170
LOGS Legal Group LLP
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856) 793-3080
Elizabeth L. Wassall, Esq. 023211995
ATTORNEYS FOR WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF STANWICH
MORTGAGE LOAN TRUST I

In Re:

ROBERT B. SMITH AKA ROBERT BRUCE,
                        DEBTOR

Case No.: 19-30777-ABA

Judge: HONORABLE ANDREW B.
ALTENBURG, JR.

Chapter: 13

## EXHIBIT D –
## CERTIFICATION OF CREDITOR REGARDING POST PETITION PAYMENT HISTORY
## (NOTE AND MORTGAGE DATED OCTOBER 17, 2005)

Megan Boehr _____, employed as Servicing Agent _____ by

Carrington Mortgage Services, LLC. _____, hereby certifies the following:

Recorded on November 22, 2005, in Camden County, in Book 8013, Page 1639.

Property Address: 1675 Hollywood Avenue, Blackwood, NJ 08012

Mortgage Holder: WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH

MORTGAGE LOAN TRUST I

Mortgagor(s)/Debtor(s): Robert B. Smith

POST-PETITION PAYMENTS (Petition filed on November 1, 2019)

| Amount Due | Date Payment Was Due | How Payment Was Applied | Amount Received | Date Payment Received | Total Suspense Balance |
|---|---|---|---|---|---|
| | | Suspense | $619.12 | 01/15/2020 | $619.12 |
| 1. $839.49 | 12/01/2019 | Payment | $1,400.00 | 07/23/2020 | $1,179.63 |
| 2. $839.49 | 01/01/2020 | Payment | From Suspense | From Suspense | $340.14 |
| | | Suspense | $400.00 | 08/03/2020 | $740.14 |
| 3. $839.49 | 02/01/2020 | Payment | $839.49 | 09/10/2020 | $740.14 |
| 4. $839.49 | 03/01/2020 | Payment | $839.49 | 10/15/2020 | $740.14 |
| 5. $839.49 | 04/01/2020 | Payment | $839.49 | 11/23/2020 | $740.14 |
| 6. $839.49 | 05/01/2020 | Payment | $800.00 | 05/24/2021 | $700.65 |
| 7. $839.49 | 06/01/2020 | Payment | $800.00 | 08/19/2021 | $661.16 |
| 8. $839.49 | 07/01/2020 | Payment Not Received | -- | -- | $661.16 |
| 9. $839.49 | 08/01/2020 | Payment Not Received | -- | -- | $661.16 |
| 10. $839.49 | 09/01/2020 | Payment Not Received | -- | -- | $661.16 |
| 11. $839.49 | 10/01/2020 | Payment Not Received | -- | -- | $661.16 |
| 12. $1,151.95 | 11/01/2020 | Payment Not Received | -- | -- | $661.16 |
| 13. $1,151.95 | 12/01/2020 | Payment Not Received | -- | -- | $661.16 |
| 14. $1,151.95 | 01/01/2021 | Payment Not Received | -- | -- | $661.16 |
| 15. $1,151.95 | 02/01/2021 | Payment Not Received | -- | -- | $661.16 |
| 16. $1,151.95 | 03/01/2021 | Payment Not Received | -- | -- | $661.16 |
| 17. $1,151.95 | 04/01/2021 | Payment Not Received | -- | -- | $661.16 |

| Amount Due | Date Payment Was Due | How Payment Was Applied | Amount Received | Date Payment Received | Total Suspense Balance |
|---|---|---|---|---|---|
| 18. $1,151.95 | 05/01/2021 | Payment Not Received | -- | -- | $661.16 |
| 19. $1,151.95 | 06/01/2021 | Payment Not Received | -- | -- | $661.16 |
| 20. $1,151.95 | 07/01/2021 | Payment Not Received | -- | -- | $661.16 |
| 21. $1,151.95 | 08/01/2021 | Payment Not Received | -- | -- | $661.16 |
| 22. $1,119.47 | 09/01/2021 | Payment Not Received | -- | -- | $661.16 |
| TOTAL: $21,873.36 | | | $6,537.59 | | $661.16 |

Monthly payments past due: 4 mos. x $839.49

(Monthly payments *minus total suspense*) = $2,696.80 as of September 9, 2021.

Each monthly payment is comprised of:

| | | |
|---|---|---|
| Principal & Interest: | $ | 293.29 |
| Escrow: | $ | 546.20 |
| Insurance: | $ | 0 |
| Late Charge: | $ | 0 |
| TOTAL | $ | 839.49 |

Monthly payments past due: 10 mos. x $1,151.95

(Monthly payments) = $11,519.50 as of September 9, 2021.

Each monthly payment is comprised of:

| | | |
|---|---|---|
| Principal & Interest: | $ | 293.29 |
| Escrow: | $ | 858.66 |
| Insurance: | $ | 0 |
| Late Charge: | $ | 0 |
| TOTAL | $ | 1,151.95 |

Monthly payment past due: 1 mo. x $1,119.47

(Monthly payment) = $1,119.47 as of September 9, 2021.

Each monthly payment is comprised of:

| | | |
|---|---|---|
| Principal & Interest: | $ | 293.29 |
| Escrow: | $ | 826.18 |
| Insurance: | $ | 0 |
| Late Charge: | $ | 0 |
| TOTAL | $ | 1,119.47 |

I certify under penalty of perjury that the above is true.

Date: 09/16/21

/s/ _Megan Boehr_
Signature    Megan Boehr, Servicing Agent